IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES JOHNSON and EILLEN JOHNSON, ) ) Plaintiffs, ) ) v. ) ) DONALD STANISZEWSKI; ANGELA ) McCLUSKEY, both individually and as Trustee ) of the PATRICK L. McCLUSKEY FAMILY ) TRUST DATED APRIL 11, 2003; KATHLEEN ) BRUCE, both individually and as Trustee of the ) REVOCABLE LIVING TRUST AGREEMENT ) OF RICHARD O. BRUCE DATED JULY 5, ) 1983; MICHAEL REMICK; KEVIN ALLEN; ) STEVEN PIOCH; RAYMOND BORGER; FOX ) RIVER ACCOUNTING SERVICES, LLC, a ) Michigan limited liability company; and THE ) PILLAR GROUP, LLC, a Michigan limited ) liability company, ) ) Defendants. ) | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendants Donald Staniszewski and Angela McCluskey, both individually and as Trustee of the Patrick L. McCluskey Family Trust Dated April 11, 2003; Kathleen Bruce, both individually and as Trustee of the Revocable Living Trust Agreement of Richard O. Bruce Dated July 5, 1983; Michael Remick; Kevin Allen; Steven Pioch; Raymond Borger; Fox River Accounting Services, LLC; and The Pillar Group, LLC (collectively "Defendants"), by and through their undersigned counsel, hereby provide notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Circuit Court of Sumner County, Tennessee to the United States District Court for the Middle District of Tennessee, Nashville Division. The grounds for removal are as follows:

1

1. Plaintiffs commenced this action by filing a Complaint ("Complaint") on September 13, 2023, in the Circuit Court of Sumner County, Tennessee ("State Court"). The case was docketed at Case No. 83CC1-2023-CV-857.

2. Defendants were served with a copy of the summonses and Complaint on September 13, 2023. A true and correct copy of the summonses and Complaint are attached hereto as <u>Exhibit A</u>.

3. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of service of the Complaint and summonses upon Defendants. Since Defendants were served on September 13, 2023, removal is timely.

4. The time for Defendants to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

5. Concurrent with the filing of this Notice, Defendants are serving this Notice on all counsel and filing a copy of the Notice with the Clerk of the Circuit Court of Sumner County, Tennessee. Venue is proper in this Court pursuant to 28 U.S.C. §§ 123(b)(1) and 1441(a), because the United States District Court for the Middle District of Tennessee, Nashville Division is the federal judicial district embracing the Circuit Court of Sumner County, Tennessee, where this action was originally filed.

6. By filing a Notice of Removal in this matter, Defendants do not waive their rights to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Defendants specifically reserve their rights to assert any defenses and/or objections to which they may be entitled.

7. As shown below, this case is removable to federal court based on federal question jurisdiction under 28 U.S.C. § 1331.

## FEDERAL QUESTION JURISDICTION

8. This case is removable based on federal question jurisdiction. Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

9. Plaintiffs assert a claim for alleged violations of the federal Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*. ("FCRA"). Complaint, ¶¶ 129-131. The FCRA provides original jurisdiction "in any appropriate United States district court, without regard to the amount in controversy …" for an action to enforce any liability created under the FCRA. 15 U.S.C. § 1681p.

10. Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A federal question appears on the face of Plaintiffs' Complaint, and these claims "arise under" federal law.

11. For all these reasons, the requirements of federal court jurisdiction under 28 U.S.C. § 1331 are satisfied, and this case is removable by Defendants under 28 U.S.C. § 1441(a).

## SUPPLEMENTAL JURISDICTION

12. This Court can exercise supplemental jurisdiction over Plaintiffs' state law claims against Defendants because these claims form part of the same case or controversy as Plaintiffs' FCRA-based claims. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides, in pertinent part:

> [I]n any civil action of which district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action with such original jurisdiction that they form part of the same case or controversy. . .

*Id.*

13. "Claims form part of the same case or controversy when they 'derive from a common nucleus of operative facts.'" *Johnson v. Metro. Gov't of Nashville & Davidson Cty.*, Nos. 3:07-0979, 3:08-0031, 2008 WL 2066475, at *6 (M.D. Tenn. May 13, 2008) (quoting *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 454-55 (6th Cir.1996)). In the instant case, Plaintiffs' claims derive "from a common nucleus of operative facts." *See id*. Thus, it is clear that Plaintiffs' state law claims in this case are "so related to claims within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a). *See Davet v. City of Cleveland*, 456 F.3d 549, 553 (6th Cir. 2006) ("[A] district court possesses supplemental jurisdiction over all other claims that are so related to the federal-law claims in a case that they form part of the same case or controversy.") (internal quotations omitted).

WHEREFORE, Notice is given by all Defendants that this action is removed from the Circuit Court of Sumner County, Tennessee to the United States District Court for the Middle District of Tennessee, Nashville Division.

Dated: September 20, 2023

Respectfully submitted,

*/s/ Christopher E. Thorsen*
Christopher E. Thorsen (BPR No. 021049)
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Phone: (615) 726-5581
Fax: (615) 726-0464
cthorsen@bakerdonelson.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2023 a copy of the foregoing *Notice of Removal* was filed and served by operation of the Court's electronic filing system and was separately emailed on the following:

Jimmy B. Meeks Jr. (BPR #14444)
J. Ross Pepper (BPR #39830)
PEPPER LAW PLC
1801 West End Ave., Suite 850
Nashville, Tennessee 37203
rpepper@pepperlawplc.com
jmeeks@pepperlawplc.com

*/s/ Christopher E. Thorsen*