UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES JOHNSON and EILEEN JOHNSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:23-cv-01002 ) |
| DONALD STANISZEWSKI, et al., | ) ) |
| Defendants. | ) ) |
| THE PILLAR GROUP, LLC, et al., | ) |
| Counter-Plaintiffs/Third-Party Plaintiffs, | ) ) ) |
| v. | ) ) |
| CHARLES JOHNSON and SERVANT LOGISTICS, LLC, | ) ) ) |
| Counter-Defendants/Third-Party Defendants | ) ) ) |

**ORDER**

On October 3, 2023, the Pillar Group, LLC and its members Angela McCluskey, Donald Staniszewski, Michael Remick, and Kevin Allen (collectively "Pillar Group and its Members") filed a Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 9), a Memorandum of Law (Doc. No. 10), a Declaration of Donald Staniszewski (Doc. No. 11-1), and a Proposed Temporary Restraining Order (Doc. No. 9-1). Pillar Group and its Members' Motion (Doc. No. 9) is **DENIED**. The Motion falls short of the Federal Rule of Civil Procedure 65's requirements in the following ways:

(1) the Counterclaim and Third-Party Complaint (Doc. No. 7 at 13–19) is not verified, see Fed. R. Civ. P. 65(b)(1)(A);

(2) the Declaration of Donald Staniszewski (Doc. No. 11-1) does not verify the facts contained in the Third-Party Complaint, id.;

(3) Pillar Group and its Members fail to explain why they have not provided notice to Charles Johnson or Servant Logistics, LLC, Fed. R. Civ. P. 65(b)(1)(B);

(4) Pillar Group and its Members have not demonstrated why the issuance of a temporary restraining order without notice is proper, id.;

(5) Pillar Group and its Members provide no explanation for their delay in seeking a temporary restraining order, see Allied Erecting & Dismantling Co. v. Genesis Equp. & Mfg., 511 F. App'x 398, 404 (6th Cir. 2013) (finding that "an unreasonable delay in filing for injuctive relief" weighs "against a finding of irreparable harm"); (see generally Doc. Nos. 10, 11-1 (including no allegations of conduct occurring more recently than August 7, 2023)); and

(6) Pillar Group and its Members' Proposed Temporary Restraining Order would have the Court order Johnson to file and serve on the Pillar Group and its Members a report on his compliance with said temporary restraining order, which the Court may not do. See Proctor & Gamble Co. v. Bankers Trust Co., 78 F.3d 219, 226 (6th Cir. 1996) (explaining that the purpose of a TRO "is to preserve the status quo so that a reasoned resolution of a dispute maybe had.").

The Court shall hold a status conference in this case on **October 5, 2023, at 1:00 p.m**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE